TAGGART, *Adm'r, v.* BREED *& a.*

A legacy to be divided between four persons, " so that each shall receive an equal share, and the same amount at the age of twenty-one years," is to be divided into four equal shares as of the date of the death of the testator, and one share, with the accrued income thereon, paid over to each legatee on arriving at the age of twenty-one.

PETITION, by the administrator with the will annexed, of John Breed, for direction as to the payment of legacies under the following residuary clause:

"As to all the rest, residue and remainder of all my estate, real, personal, and mixed of every name and description, wherever found and however situate, I give, bequeath, and devise the same to my four grandchildren, Edward T. Breed, Edgar C. Breed, Hyrena T. Breed, and Marianna Breed, children of Asa Breed late of Weare, deceased, to be divided betwixt them so that each shall receive an equal share, and the same amount at the age of twenty-one years, and the same to remain in the hands and possession of my executor and to be paid to each one after they arrive at the age of twenty-one years, when in his opinion he is fully satisfied they will make good and suitable use of the same, but if not paid at the time of their lawful age, to be paid to each of them with interest arising on the same as their need and condition may require, and in case of the decease of either of them without heirs, his or her share to be equally divided betwixt the surviving ones, but if they leave lineal heirs they are to receive their father's or mother's share."

All the above legatees have attained the age of twenty-one years, except Marianna, who was born in 1868.

*Cross & Taggart*, for the plaintiff.

*Defendants, pro se.*

SMITH, J. The testator intended to distribute the estate included in the third clause of his will equally among his four grandchildren. He directs it "to be divided among them so that each shall receive an equal share, and the same amount at the age of twenty-one years." If the estate to be distributed under this clause be divided into four shares, as of the date of the death of the testator, and one share, with the income thereof, be paid to each of the three legatees who have already arrived at the age of twenty-one years, and the fourth share be paid to the youngest legatee when she shall arrive at that age, with the income of the same, it is fair to presume that the amount last paid will practically be the same as each of the three older legatees received, with the income subsequently accruing on the same in his hands. The mathemati-

cal difficulty and apparent impossibility of dividing the estate equally in any other manner precludes the idea that the testator intended to resort to any complicated and impracticable mode of division. A distribution of the estate to the legatees, as they respectively arrive at the age of twenty-one, is impossible, for two of them reached that age before the death of the testator. If he meant that each legatee should receive the same sum on arriving at the age of twenty-one, the division would not be equal, for the older legatees would receive the income of their shares during the minority of the younger legatees. The same amount of money in the hands of two or more persons will seldom produce precisely the same income or profit in a given time. Much depends upon good judgment in investment, skill in management; habits of economy, and something, perhaps, upon good fortune. The testator had in mind the possible unfitness of some of the legatees to manage properly their shares on arriving at the age of twenty-one years, and hence directed the executor to hold their shares and manage them for the benefit of such legatees. Further provision for the preservation of their respective shares he appears to have considered unnecessary. In the eye of the law, a person capable of being entrusted with the management of his own property is presumed to manage it in his own interest, as well as a guardian or trustee can manage an equal amount of similar property for his ward or beneficiary.

The provision that "in case of the decease of either of them [the residuary legatees] without heirs, his or her share to be equally divided betwixt the surviving ones, but if they leave lineal heirs they are to receive their father's or mother's share," was not intended to prevent the executor from paying over to the legatees their respective shares upon arriving at the age of twenty-one years, for provision is also made in the same clause that their respective shares may be paid to them after they arrive at that age, when in his opinion they will suitably manage the same, and if not paid upon arriving at the age of twenty-one, he is directed to pay it to them, with the interest that may accrue on the same as may be required by their necessities. The qualification of need and condition applies to those who, in the executor's opinion, may be incapable of managing their shares. The testator contemplated not only the expenditure of the income, but so much of the principal as might be necessary for the support of the legatees. Consequently only so much of each share as shall not be expended is bequeathed to the surviving legatees in case either of them shall die without lineal heirs. The word "heirs," where it first occurs, means "lineal heirs," as is apparent from what follows in the same sentence. If the testator had intended to preserve the principal of each share intact for the lineal heirs of the respective legatees, he would undoubtedly have said so in plain language, and would have placed the fund in the hands of a trustee, or would have provided for the legatee's giving

bonds that the principal of their respective shares should be preserved intact. The provision, that the legacies are not to be paid till the legatees are of age and not till the executor is satisfied they will make good and suitable use of their legacies, is evidence tending to show that the testator intended that the legatees should receive their respective shares without giving bond. And there is no reason why the testator should favor the descendants of his grandchildren above the grandchildren themselves. This case is distinguishable from *Kimball* v. *Penhallow*, 60 N. H. 448, in this respect.

As to the real estate, the residuary devisees are tenants in common subject to the life estate of the widow, the estate of each tenant, however, being defeasible in case he or she shall die without lineal heirs.

*Case discharged.*

CLARK, J., did not sit: the others concurred.